CHAPLINE CONSTRUCTION CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 4176.    Promulgated July 17, 1928.

*Thomas H. Cobbs, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

OPINION.

SIEFKIN: The sole question to be decided in this proceeding is whether the petitioner, during the years 1919 and 1920, was a personal service corporation within the meaning of section 200 of the Revenue Act of 1918, which provides:

The term "personal service corporation" means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; * * · *

In the instant proceeding, it was shown that the principal stockholders were regularly engaged in the active conduct of the business during the years 1919 and 1920, but it was not shown how many employees the petitioner had during those years. The testimony was to the effect that on some jobs the number of men employed varied from 2 to 50, and that in some cases, subcontractors were employed to do the work. From all of the evidence adduced we are of the opinion that the petitioner has failed to show that its income during the years in controversy was to be ascribed primarily to the activities of the principal stockholders.

Nor has the petitioner shown that capital was not a material income-producing factor. The evidence discloses that in numerous instances payments of both material and labor bills were made by the petitioner before it received payment from the owner of the premises under alteration or construction. The amounts involved in such payments are not shown.

We must hold that the petitioner, during the years 1919 and 1920, was not a personal service corporation within the meaning of section 200 of the Revenue Act of 1918.

*Judgment will be entered for the respondent.*